# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Belinda Vrana, | ) | C/A No. 3:09-1097-CMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | **GRANTING MOTION** |
| | ) | **FOR SUMMARY JUDGMENT** |
| | ) | |
| The Travelers Home and Marine Ins. Co., | ) | |
| | ) | |
| Defendant. | ) | |

Through this action, Plaintiff Belinda Vrana ("Plaintiff") seeks recovery from The Travelers Home and Marine Insurance Company ("Travelers") for alleged bad faith denial of Plaintiff's claim for the value of property allegedly stolen from 2001 Winterberry Road in Sumter, South Carolina. The matter is now before the court on Travelers' motion for summary judgment which relies, *inter alia*, on an exclusion in Plaintiff's insurance policy regarding property stolen from a residence that the insured is renting to someone other than an insured. For the reasons stated below, the court finds that this exclusion applies and renders the multiple disputed issues of fact in this case immaterial. Accordingly, the court grants Travelers' motion and enters judgment in favor of Defendant.

**STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the nonmoving party has the ultimate burden of proof on an issue, the moving party must identify the parts of the record that demonstrate the nonmoving party lacks sufficient evidence. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995). The non-moving party cannot create a genuine issue of material fact by presenting his or her own conflicting versions of events. *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984) ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.").

## BACKGROUND

Taken in the light most favorable to Plaintiff, this case arises from an intrafamily sale of a house and land in Sumter, South Carolina, from Plaintiff's nephew, Padraic O'Gainey ("O'Gainey") to Plaintiff. Plaintiff has testified that her sister, Deborah McTernan ("McTernan"), agreed to leave substantial personal property in the house as additional inducement for Plaintiff's payment of $165,000 to O'Gainey. On July 30, 2007, Plaintiff signed an agreement with O'Gainey for sale of

2

the house, land, and various additional property. *See* Dkt. No. 34-13 ("Agreement to Sell and Buy"). Plaintiff issued a cashier's check to O'Gainey in the amount of $165,000 on the same day. *See* Dkt. No. 34-14 (copy of check).

Plaintiff and McTernan agreed that Plaintiff would take possession of the residence and personal property within two weeks of the July 30, 2007 agreement. *See* Dkt. No. 34-3 at 20 (Pl.'s Dep. at 61). This did not occur, however. On September 11, 2007, approximately six weeks after the sales transaction, Plaintiff and O'Gainey signed another agreement that O'Gainey would pay Plaintiff a total of $1,120 to remain in the residence until October 5, 2007. Thus, Plaintiff's posssession of the real estate and personal property was delayed for nearly two months beyond the original target date for possession. *See* Dkt. No. 34-15.

On October 5, 2007, Plaintiff and her son arrived at the residence to discover that most of its contents had been removed. McTernan and O'Gainey admit to removing various items from the home, but argue that those items removed were not part of their agreement with Plaintiff. *See* Dkt. No. 34-5 at 3-4 (McTernan Aff.); Dkt. No. 34-9 at 1 (O'Gainey Aff.); *see also* Dkt. No. 34-22 at 3. Also on October 5, Plaintiff reported the alleged theft to Travelers and the Sumter County Sheriff's Department.[1] Plaintiff estimated the missing property's value at between $135,000 and $150,000. Dkt. No. 34-18 at 1; *see also* Dkt. No. 34-25 ("Sworn Statement in Proof of Loss").

---

[1] Although it does not affect the outcome of this litigation, the court notes that, when Plaintiff reported the alleged theft to police, she told them that she noticed the alleged theft and damage to the property when she "was to move into the home," and identified her sister and nephew as likely perpetrators. *See* Dkt. No. 34-16 (Police Report); Dkt. No. 35-3 (Pl.'s Aff ¶ 11) ("I immediately reported the theft to the Sumter County Sheriff's Department."). However, a report summarizing Plaintiff's October 8, 2007 conversation with a Travelers adjuster indicates that Plaintiff advised Travelers that the theft occurred when she "left the house and was shopping downtown" and that Plaintiff and her son "d[id] not know who stole the property, and . . . d[id] not have any ideas." Dkt. No. 34-18 at 1. This discrepancy is only one of many inconsistencies in the evidence before the court.

After an extensive investigation, Travelers denied Plaintiff's claim by letter dated February 21, 2008. Dkt. No. 34-6. Plaintiff commenced this action in state court on March 23, 2009. On April 24, 2009, Defendant removed this action to federal court. *See* Dkt. No. 2 (Notice of Removal).

**DISCUSSION**

This action contains multiple disputed issues of fact, including whether there was a meeting of the minds between Plaintiff, McTernan, and O'Gainey for inclusion of personal property with the sale of the residence, whether Plaintiff ever acquired ownership of the personal property, whether a theft occurred, and whether the residence was Plaintiff's "residence premises" as required for theft coverage under insurance policy. None of these disputed facts are material, however, because the insurance policy's unambiguous exclusion of coverage for theft of property "from that part of a 'residence premises' rented by an 'insured' to someone other than another 'insured'" is dispositive. Dkt. No. 34-23 at 20.

It is undisputed that Plaintiff allowed O'Gainey to remain in the residence until October 5, 2007 on the condition that he pay Plaintiff $1,120.00, pursuant to their September 2007 agreement. It is also undisputed that the allegedly stolen items were removed during this period (when O'Gainey vacated the premises.) Although Plaintiff's affidavit characterizes this arrangement as a mere reimbursement for rent she was required to pay to remain in her apartment while O'Gainey held over, her earlier deposition repeatedly describes the September 2007 transaction as "rent." *Compare* Dkt. No. 35-1 at 15 (Pl.'s Aff. ¶ 10) *with* Dkt. No. 34-3 at 21-22, 24 (Pl.'s Dep. at 62-63, 67). The September 11, 2007 written agreement is also consistent with an interpretation of this payment as rent permitting O'Gainey to remain in the residence at 2001 Winterberry Road until October 5, 2007. *See* Dkt. No. 34-15. Plaintiff cannot create a genuine issue of material fact by initially

4

describing her arrangement with O'Gainey as "rent," and later modifying that description by calling it "reimbursement." *See Barwick*, 736 F.2d at 960. Thus, the court accepts her deposition testimony and understanding of the contemporaneous document as controlling.

Plaintiff's insurance policy contains an unambiguous exclusion precluding coverage of any theft from the part of a residence rented by an insured – here, Plaintiff – to someone other than an insured – here, O'Gainey. Whatever Plaintiff's subjective intent may have been, her arrangement with O'Gainey falls within the common understanding of the term "rent" as used in this policy. Therefore, the exclusion precludes recovery under the policy.

## CONCLUSION

For the reasons set forth above, the court concludes that the alleged theft from 2001 Winterberry Road on or before October 5, 2007 is not covered under Plaintiff's homeowner's insurance policy with Travelers. Accordingly, Defendant's motion for summary judgment is **granted**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 26, 2010